IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RICO,<br><br>    Plaintiff,<br><br>  v.<br><br>NORTHERN DISTRICT OF CALIFORNIA,<br><br>    Defendant.                       / | No. C 08-03771 SBA (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

     Plaintiff filed the present pro se prisoner complaint under 42 U.S.C. § 1983. On August 18, 2008, he filed an amended complaint challenging his detention based on allegations that he received a sentence that was "to [sic] stiff for the crime." (Am. Compl. at 3.) He further claims he was "the victim in the case." (Id.) Plaintiff's amended complaint seeks relief in the form of a reduction of his sentence. He also requests leave to proceed in forma pauperis.

## DISCUSSION

### I.    Standard of Review

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated,

1  and (2) that the alleged deprivation was committed by a person acting under the color of state law.
2  See West v. Atkins, 487 U.S. 42, 48 (1988).

**II.  Legal Claim**

In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only through a § 1983 suit, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, the opposite is not true. A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, Plaintiff's allegations attack the duration of his confinement rather than the conditions of his confinement. When a state prisoner's § 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in getting the duration of the sentence changed in another forum, for instance by succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under §1983. Accordingly, his amended complaint is DISMISSED without prejudice.

**CONCLUSION**

Based on the foregoing, the Court concludes that Plaintiff's amended complaint fails to challenge the conditions of his confinement. His claim attacks the duration of his confinement and

2

1  is more appropriately addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2  2254. Therefore, the amended complaint is DISMISSED without prejudice to Plaintiff filing a
3  habeas action. Leave to proceed in forma pauperis is DENIED as incomplete.
4      The Clerk shall close the file, terminate all pending motions, and enter judgment in
5  accordance with this Order.
6      IT IS SO ORDERED.
7  DATED: 8/29/08

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\CR.08\Rico3771.dismissCR-HC3.wpd

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| JOSE LUIS RICO, | Case Number: CV08-03771 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| NORTHERN DISTRICT OF CALIFORNIA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose L. Rico G-01731
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696

Dated: September 4, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Rico3771.dismissCR-HC4wpd